UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBB EVANS OF ROBB EVANS & ASSOCIATES,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>KERRY JOHNSON, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:12-cv-01053-MMD-VCF<br><br>ORDER<br><br>(Defs.' Motion to Dismiss – dkt. no. 12) |

**I.　SUMMARY**

Before the Court is Defendants' Motion to Dismiss. (Dkt. no. 12.) For the reasons discussed below, the Motion is denied.

**II.　BACKGROUND**

Plaintiff Robb Evans of Robb Evans & Associates ("the Receiver") filed this suit on June 20, 2012, for alleged violations arising out of its role as a court-appointed receiver in *Federal Trade Commission v. Johnson*, No. 2:10-cv-2203-MMD-GWF (D. Nev. filed Dec. 20, 2010) ("the FTC Action"). After issuing a preliminary injunction, the Court ordered the Receiver to collect and preserve the assets ("the Receivership estate") that the FTC alleges was fraudulently gathered by the defendants in the FTC Action. Defendants Kerry and Barbara Johnson are the parents of Jeremy Johnson, the

principal defendant in the FTC Action. Defendant The KB Family Limited Partnership ("KB") is a limited partnership whose sole partners are the Johnsons.[1]

The Receiver alleges that various defendants in the FTC Action, including Jeremy Johnson, unlawfully transferred assets within the Receivership estate to the Johnsons in the form of precious metals, stock, money, and other property.  The Receiver alleges that the Johnsons did not receive any of these transfers in good faith, and that these transfers were not for reasonably equivalent value.  The Receiver brings this suit alleging that the Johnsons received these transfers with the intent to hinder existing and future creditors of the Receivership estate.  The Receiver alleges three violations of Utah's Uniform Fraudulent Transfer Act, unjust enrichment, and refusal to turnover receivership property.

On July 16, 2012, the Johnsons filed this Motion seeking to dismiss the Receiver's Complaint for lack of personal jurisdiction.  (Dkt. no. 12.)

**III.   LEGAL STANDARD**

In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper.  *Boschetto v. Hansin*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (internal quotation marks omitted).  The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be taken as true. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).  A court "may not assume the truth of allegations in a pleading which are contradicted by

---

[1] For convenience, the Court hereafter refers to all three Defendants as "the Johnsons."

affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but it may resolve factual disputes in the plaintiff's favor, *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

## IV.   DISCUSSION

The Johnsons argue that, as citizens of Utah, this Court lacks personal jurisdiction over them. They argue that the Receiver's failure to allege that the Johnsons conducted any business in Nevada, performed any act or consummated any transaction in Nevada, or had any contacts with Nevada proves fatal to the Court's assertion of jurisdiction over them. The Receiver argues that 28 U.S.C. §§ 754 and 1692 authorize a receiver to file complaints in other districts and allow those courts in which the receivership is pending to assert personal jurisdiction over persons and assets in those districts. The Court agrees with the Receiver.

The Court begins by noting that "the initial suit which results in the appointment of the receiver is the primary action and that any suit which the receiver thereafter brings in the appointment court in order to execute his duties is ancillary to the main suit." *Haile v. Henderson National Bank*, 657 F.2d 816, 822 (6th Cir. 1981). 28 U.S.C. § 754 provides that a receiver appointed in any civil action is "vested with complete jurisdiction and control of all such property with the right to take possession thereof" and has the "capacity to sue in any district without ancillary appointment." The companion statute, 28 U.S.C. § 1692, provides that "[i]n proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall be entered of record in each of such districts." As recognized by the First Circuit, "the purpose of the statute [§ 754] is to give the appointing court jurisdiction over property in the actual or constructive possession and control of the debtor, wherever such property may be located." *Am. Freedom Train Found. v. Spurney*, 747 F.2d 1069, 1073 (1st Cir. 1984).

///

The question becomes whether these two statutes replace the minimum contacts analysis developed in *International Shoe v. State of Washington*, 326 U.S. 310 (1945). In *Haile*, the Sixth Circuit first confronted this issue, and held that an appointing court need not follow *International Shoe* because the court is not attempting to extend its jurisdiction beyond its territorial limitations. 657 F.2d at 823-24. Since § 1692 provides for nationwide service, the *Haile* court reasoned, the strictures of minimum contacts did not apply, and the appointing court can exercise personal jurisdiction over the ancillary suit. *Id.* This holding was expressly adopted by the First and D.C. Circuits. *See S.E.C. v. Bilzerian*, 378 F.3d 1100, 1103-06 (D.C. Cir. 2004) (declining to follow *Stenger v. World Harvest Church, Inc.*, No. 02 C 8036, 2003 WL 22048047, at *2 (N.D. Ill. Aug. 29, 2003)); *Am. Freedom Train Found.*, 747 F.2d at 1073-74 (holding that §§ 754 and 1692 conferred non-exclusive personal jurisdiction over non-resident defendants).

Importantly, the Ninth Circuit affirmed this line of cases in interpreting §§ 754 and 1692, and expressly agreed with the D.C. and Sixth Circuits that "where a party has been properly served by the Receiver, the Due Process Clause is satisfied because the party has minimum contacts with the United States as a whole." *S.E.C. v. Ross*, 504 F.3d 1130, 1146 (9th Cir. 2007). As support for this proposition, the *Ross* court quoted language from *Haile* that determined inapplicable the strictures of *International Shoe* where a federal statute authorizes nationwide service of process. Indeed, over 20 years earlier, the Ninth Circuit appeared to adopt this rule, holding that a district court in the District of Arizona could obtain in personam jurisdiction over a Texas citizen under the receivership statutes. *See United States v. Ariz. Fuels Corps.*, 739 F.2d 455, 460 (9th Cir. 1984) (citing *Haile*, 657 F.2d at 822). Contrary to the Johnsons' wishes, this Court cannot depart from such a clear enunciation of the law by its governing circuit.

The Johnsons also appear to challenge the underlying basis for the exercise of personal jurisdiction, arguing that only when their property is adjudged to be conclusively within the Receivership estate can this Court exercise jurisdiction over them. This position also fails, for the simple reason that the Receiver's factual assertions are to be

afforded weight at a Motion to Dismiss.  Although "the question of jurisdiction and the merits of the action are intertwined," a court has jurisdiction over an action where a dispute arises as to the proper exercise of that jurisdiction so long as the action's claim for jurisdiction is not frivolous or wholly insubstantial. *See Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold*, 524 F.3d 1090, 1094 (9th Cir. 2008); *cf. Sarei v. Rio Tinto, PLC*, 487 F.3d 1193, 1200 (9th Cir. 2007) ("In order to satisfy [itself] of jurisdiction, [the court] thus need[s] not engage in a full blown review of plaintiffs' claims on the merits but rather must determine only whether the claims do not appear to be immaterial and made solely for the purpose of obtaining jurisdiction and are not wholly insubstantial and frivolous."). Accordingly, the plausibility of the Receiver's allegations suffices to afford this Court personal jurisdiction over the Johnsons in light of the analysis *supra*.[2]

## V.     CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (dkt. no. 12) is DENIED.

DATED THIS 11th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] The Johnsons do not argue that the Receiver failed to adhere to § 754's filing procedures.  The Court declines to consider this issue.