UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBB EVANS OF ROBB EVANS & ASSOCIATES,<br><br>       Plaintiff,<br>  v.<br><br>KERRY JOHNSON, et al.,<br><br>       Defendants. | Case No. 2:12-cv-01053-MMD-VCF<br><br>ORDER<br><br>(Defs.' Motion to Dismiss<br>– dkt. no. 28) |

**I. SUMMARY**

Before the Court is Defendants' Motion to Dismiss. (Dkt. no. 28.) For the reasons discussed below, the Motion is denied.

**II. BACKGROUND**

Plaintiff Robb Evans of Robb Evans & Associates ("the Receiver") filed this suit on June 20, 2012, arising out of its role as a court-appointed receiver in *Federal Trade Commission v. Johnson*, No. 2:10-cv-2203-MMD-GWF (D. Nev. filed Dec. 20, 2010) ("the FTC Action"). After issuing a preliminary injunction against defendants in the FTC Action (hereinafter referred to as "the Receivership Defendants"), the Court ordered the Receiver to collect and preserve the assets ("the Receivership estate") that the FTC alleges was fraudulently gathered by the Receivership Defendants. Defendants Kerry

and Barbara Johnson are the parents of Jeremy Johnson, the principal Receivership Defendant in the FTC Action. Defendant The KB Family Limited Partnership ("KB") is a limited partnership whose sole partners are Kerry and Barbara Johnson.[1]

The Receiver alleges that various defendants in the FTC Action, including Jeremy Johnson, unlawfully transferred assets of the Receivership estate to the Johnsons in the form of precious metals, stock, cash, and other property.  The Receiver alleges that the Johnsons did not receive any of these transfers in good faith, and that these transfers were not for reasonably equivalent value.  The Receiver alleges three violations of Utah's Uniform Fraudulent Transfer Act which are the subject of this Motion, as well as unjust enrichment and refusal to turn over receivership property.

On July 16, 2012, the Johnsons filed a motion seeking to dismiss the Receiver's Complaint for lack of personal jurisdiction.  (Dkt. no. 12.)  The Court denied the motion.  (Dkt. no. 25.)  They now move the Court to dismiss the Utah counts for failure to state a claim.

## III.    LEGAL STANDARD

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the well-pled facts in a complaint, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above

---

[1] For convenience, the Court hereafter refers to all three Defendants in this action as "the Johnsons."

2

the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

Fraud claims must meet a heightened pleading standard under Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud." The plaintiff must plead with particularity "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir.2003) (internal quotation marks omitted). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1108. However, when a plaintiff fails to plead fraud with particularity, "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 701 (9th Cir.1988).

## IV.  DISCUSSION

The Johnsons argue that neither the first, second, or third Utah state cause of action satisfies either Rule 8's pleading standards or the heightened pleading requirements of Rule 9(b). However, the Johnsons' alleged fraud is sufficiently pled with particularity to satisfy Rule 9(b). The Receiver alleges violations of Utah Code Ann. § 25-6-5(1)(a) (prohibiting debtor's transfer if it was made "with actual intent to hinder, delay, or defraud any creditor of the debtor"), Utah Code Ann. § 25-6-5(1)(b) (prohibiting debtor's transfer if made "without receiving a reasonably equivalent value in exchange," and either the debtor's remaining assets were unreasonably small or the debtor intended to or believed that the debts would be beyond the debtor's ability to pay), and Utah Code Ann. § 25-6-6(1) (prohibiting debtor from instituting a transfer "without receiving a reasonably equivalent value in exchange" and the debtor was either "insolvent at the time or became insolvent as a result of the transfer or obligation").

The Receiver alleges that the Johnsons were beneficiaries of gratuitous transfers from Jeremy Johnson meant to unlawfully siphon assets from the Receivership estate.

1   This general theory is supported by numerous non-conclusory factual allegations: among
2   them, that Jeremy Johnson transferred approximately $50 million of assets to third
3   parties; Jeremy Johnson transferred over $1 million of precious metals to Kerry and
4   Barbara Johnson as a gift; Kerry and Barbara Johnson received approximately $770,000
5   from a Receivership defendant; approximately $102,000 was transferred from a
6   Receivership defendant for the benefit of Kerry and Barbara Johnson; and approximately
7   $1.7 million worth of shares were transferred for the benefit of KB.  (*See* Compl., dkt. no.
8   1 at ¶¶ 16-22.)  These transfers occurred during periods of insolvency and investigation
9   by the FTC, and the FTC has had claims against the Receivership Defendants since at
10  least as early as July 1, 2008.  (*See* Compl. at ¶¶ 14-15.)  The Receiver alleges that the
11  Receivership Defendants instituted these transfers in order to withhold assets from their
12  creditor, the FTC. These allegations, taken as true, paint a coherent narrative that
13  supports the Receiver's fraudulent transaction claims.

14          Nevertheless, Defendants argue that the Receiver failed to plausibly plead intent
15  with respect to the § 25-6-5(1)(a) claim.  The Court disagrees.  The Complaint alleges
16  the existence of a fraudulent enterprise that was subject to an FTC investigation, and
17  which is now the subject of a civil enforcement action.  The Receivership Defendants
18  who are defending that action are the subject of an asset freeze and a preliminary
19  injunction after a court holding that the FTC is likely to succeed on the merits of its civil
20  action and that irreparable harm, in the form of unauthorized asset transfers, would
21  result without preliminary relief. These facts are either alleged in this Complaint,
22  contained in public records that the Court may take judicial notice of, or both.  *See Mir v.*
23  *Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) ("In addition to the complaint,
24  it is proper for the district court to 'take judicial notice of matters of public record outside
25  the pleadings' and consider them for purposes of the motion to dismiss.").  For the same
26  reason that an allegation of a Ponzi scheme supported by specific facts satisfies Rule
27  9(b)'s pleading requirements related to intent to defraud, so too does this Complaint
28  plausibly allege intent to fraudulently transfer in the face of the FTC investigations, the

issuance of a preliminary injunction, and unreasonable, gratuitous transfers to Defendants. *See, e.g.*, *Klein v. Capital One Fin. Corp.*, 4:10-CV-00629-EJL, 2011 WL 3270438, at *4 (D. Idaho July 29, 2011) (allegation of Ponzi scheme supported with specific facts sufficient to plead intent to satisfy Rule 9(b)); *see also Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1024 (N.D. Cal. 2011) (noting that intent need not be pled with particularity under Rule 9(b), only that it meet the plausibility requirement).

Likewise, the second and third causes of actions are plausibly alleged. The Receiver alleges that the Receivership Defendants were insolvent at the time of the transfers, and thus their remaining assets after the transfers were "unreasonably small in relation to the business or transaction." Utah Code Ann. § 25-6-5(1)(b). For the same reason, the Receivership Defendants' alleged insolvency suffices to state a claim under Utah Code Ann. § 25-6-6. Defendants demand that the Receiver outline what remaining assets the Receivership Defendants held at the time of their various transfers, and when precisely they became insolvent in relation to the various transfers. But these questions need not be answered in exacting detail, so long as plausible allegations of fraudulent transfers are alleged, and these allegations describe "the who, what, when, where, and how of the misconduct charged." *Vess*, 317 F.3d at 1106. The Receiver has done so here.

## V.   CONCLUSION

The Court's standard of review on a motion to dismiss is lenient and does not require that the Receiver prove his claims at this early stage in the litigation. Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss (dkt. no. 28) is DENIED.

DATED THIS 14th day of June 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE